UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA FANTAUZZI and NIKKI RITZ,
individually and on behalf of others similarly situated,

    Plaintiffs,

v.                                               CASE NO: 8:10-cv-513-T-26TGW

AGORA MARKETING SOLUTIONS, INC., d/b/a
National Magazine Exchange, and
SPECIAL DATA PROCESSING CORPORATION,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiffs' Motion to Create a Conditional Opt-in Class and Motion to Authorize Notice to Putative Class Members (Dkt. 17), affidavits of several opt-in Plaintiffs (Dkts. 18, 19, 20, 21, 23, & 35), depositions in support of the motion (Dkts. 32, 33, & 34), Defendants' Response in Opposition (Dkt. 40), and submissions in opposition to the motion. (Dkts. 42, 43, & 44). After careful consideration of the parties' submissions and the applicable law, the Court concludes that a collective class should be conditionally certified in this action filed pursuant to the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 216(b), and that the notice should be amended in accordance with this order.

**FACTUAL BACKGROUND**

Vanessa Fantauzzi and Nikki Ritz, the named Plaintiffs in this FLSA action, initially sued Agora Marketing Solutions, Inc., and Special Data Processing Corporation (Agora/SDP)[1] in Florida state court for overtime compensation, together with liquidated damages, fees, and costs. (Dkt. 2). The two-count complaint seeks recovery for telesales employees holding the positions of Customer Retention Associates (also referred to as Customer Service Representatives), Subscription Sales Associates, and Verification Associates, who worked for Agora/SDP at any time within the past three years. The case was timely removed to this Court.

Plaintiffs filed numerous affidavits and depositions of telesales workers included in the three-titled positions. In addition to the two affidavits submitted by the named Plaintiffs, three additional affidavits have been submitted from the ten individuals whose consents to join this action have been filed in this case. The affidavits and depositions disclose that the telesales workers were not compensated for differing amounts of overtime, due to a telecommunications system that the workers were required to use in logging their time. These three types of telesales workers, who are all non-exempt and hourly employees, are required to log on and off the computer to keep track of their time spent involved in various activities in addition to their actual time on the telephone talking with customers or potential customers. Employees are authorized to be paid for

---

[1] According to the Defendants, on January 14, 2010, Agora Marketing Solutions, Inc., changed its name to ThinkDirect Marketing Group, Inc. (Dkt. 40, p. 4 at n. 1).

work that includes training sessions, work-related meetings, and authorized breaks, in addition to their time talking with customers on the telephone. Defendants require a certain amount of time to be spent handling customer calls or remaining signed-in to the telecommunications system so that the workers are available to receive customer calls. The system automatically signs the employee out of the system, however, if the employee does not timely, within seconds, make an appropriate selection. Plaintiffs complain that they should be compensated for the time that is lost as a result of being automatically signed-out. Defendants vehemently dispute that the practice of the automatic sign-out function violates the FLSA and therefore assert that a collective action must not be certified.

## ANALYSIS

Conditional certification in the Eleventh Circuit is determined by using a two-tiered approach. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217-18 (11th Cir. 2001).[2] At the initial stage for class determination, this Court should apply a non-stringent, "fairly lenient" standard and look only to the pleadings and affidavits. Id. at 1218-19. The focus for certifying a class initially is whether notice of the action should be given to potential plaintiffs and this determination is necessarily made before discovery has begun. Id. at 1218. As long as the potential class members are "similarly

---

[2] The two-tiered approach has also been made applicable to collective actions under the FLSA. Caneron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003).

situated" in a broad sense of that term with respect to their basic job position and method of pay, the court may, in its discretion, conditionally certify a class. 29 U.S.C. § 216(b); Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562 (11th Cir. 1991).

As conceded by Defendants, district courts generally do not consider the merits on a motion for conditional certification. See, e.g., Scott v. Heartland Home Fin., Inc., 2006 WL 1209813, at * 3 (N.D. Ga. 2006) (noting that consideration of the merits is inappropriate at the notice stage). That more information outside the affidavits of the Plaintiffs and opt-in Plaintiffs has been provided does not change this Court's finding that the class as described are similarly situated. The record shows that the opt-in Plaintiffs held equivalent job positions performing the same type of work— all working as non-exempt telesales employees, particularly as Customer Retention Associates or Customer Service Representatives, Subscription Sales Associates, and Verification Associates. The basis for compensation from the number of hours worked for the opt-in Plaintiffs was or is generally calculated in the same manner, all subject to the employer's system of the automatic sign-off if the individual employee is recognized by the system as not being in a mode to accept telephone calls. Based on the similar job positions and calculation of work performed, this scenario supports the "reasonable basis" for finding a class of similarly situated individuals in this case. See Grayson v. K-Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996).

The Court further finds, contrary to Defendants' assertions, that the affidavits are sufficiently detailed, not "cookie cutter" in nature, and therefore do not run afoul of this

Court's decision in <u>Tussing v. Quality Resources, Inc.</u>, 2009 WL 4350253 (M.D. Fla. 2009). Based on the complaint and the five affidavits submitted by the Plaintiffs, the following collective class should be certified at this time:

> **All PRESENT AND FORMER EMPLOYEES OF THINK DIRECT MARKETING GROUP, FORMERLY KNOWN AS AGORA MARKETING SOLUTIONS, INC., DOING BUSINESS AS NATIONAL MAGAZINE EXCHANGE AND/OR SPECIAL DATA PROCESSING CORPORATION (DEFENDANTS) WHO WORKED AS A CUSTOMER RETENTION ASSOCIATE (CRA), ALSO REFERRED TO AS A CUSTOMER SERVICE REPRESENTATIVE (CSR), SUBSCRIPTION SALES ASSOCIATE (SSA), VERIFICATION ASSOCIATE (VA), OR SIMILAR POSITION WITHIN THE LAST THREE YEARS.**

In view of Defendants' challenges to Plaintiffs' Notice and the applicable case law, the Plaintiffs are directed to amend the notice to include a simple statement within the body of the notice that this Court takes no position on the merits of the lawsuit. The Court sees no pressing need to change the cut-off date to three years prior to the issuance of the notice, see <u>Searson v. Concord Mortgage Corp.</u>, 2009 WL 3063316, at *7 (E.D. N.Y. 2009);[3] as opposed to three years prior to the filing of the lawsuit. With respect to the request for telephone numbers of the Plaintiffs, this Court has routinely permitted the

---

[3] The district court in the <u>Searson</u> case relied on another district court case in reasoning that notice should provide a cut-off date of three years prior to issuance of the notice, as opposed to the filing of the lawsuit, to "prevent inadvertently giving notice to persons whose claims are now barred by the statute of limitations." <u>Searson</u>, 2009 WL 3063316, at *7.

disclosure of such numbers in the past, without the requirement of the Plaintiffs showing some type of hardship or inability associated with contacting a potential Plaintiff through the use of the United States mail.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiffs' Motion to Create a Conditional Opt-in Class (Dkt. 17) is **GRANTED.**

(2) Plaintiffs' Motion to Authorize Notice to Putative Class Members (Dkt. 17) is **GRANTED** in part and **DENIED** in part.

(3) Plaintiffs shall submit a revised proposed notification form in compliance with this order within ten (10) days. Defendants may file objections to that form within ten (10) days of the proposed notice being filed with the Court.

(4) Plaintiffs shall simultaneously provide a courtesy copy of the proposed notice on a disc to chambers.

(5) Defendants shall produce to Plaintiffs' counsel, within thirty (30) days of this order, a computer readable file containing the names, addresses, and telephone numbers of the potential opt-in Plaintiffs.

**DONE AND ORDERED** at Tampa, Florida, on June 2, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record