**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**VANESSA FANTAUZZI and NIKKI RITZ,
individually and on behalf of others similarly situated,**

    **Plaintiffs,**

vs.                                                 Case No.: 8:10-cv-00513-RAL-TGW

**SPECIAL DATA PROCESSING CORPORATION d/b/a
NATIONAL MAGAZINE EXCHANGE and
AGORA MARKETING SOLUTIONS, INC.,**

    **Defendants.**
_____/

**DEFENDANTS' MOTION TO STAY ISSUANCE OF THE OPT-IN NOTICE,
AND MEMORANDUM OF LAW IN SUPPORT**

**I.   MOTION**

Defendants, SPECIAL DATA PROCESSING CORPORATION d/b/a NATIONAL MAGAZINE EXCHANGE and AGORA MARKETING SOLUTIONS, INC. ("Defendants"), through their undersigned counsel, hereby move the Court for an Order staying issuance of the Notice to Putative Class Members. In support of this Motion, Defendants state as follows:

1.    This action alleges the violation by Defendants of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), on the ground that Plaintiffs, and those call center employees similarly situated to them, allegedly are entitled to overtime compensation for periods of unpaid, self-initiated automatic sign out from Defendants' telecommunication systems.

2. On June 2, 2010, the Court granted Plaintiffs' Motion for Conditional Class Certification. The Court directed Defendants to produce to Plaintiffs' counsel, by no later than July 2, 2010, a mailing list of similarly-situated employees from January 27, 2007, forward, so that Plaintiffs' counsel might send such persons a Notice by which they could elect to opt in to the conditional class.

3. Defendants move to stay production of the list, and Plaintiffs' issuance of the Notice, pending the Court's ruling on the dispositive issue of law in this case, which is whether the compensation practice at issue violates the FLSA. Defendants represent that they shall present this issue to the Court by way of a Motion for Summary Judgment filed within sixty (60) days of the entry of any stay Order.

4. Entry of a stay prior to Plaintiffs' dissemination of the Notice will protect the parties from needless and costly further litigation, and will be more efficient from the standpoint of the Court. More specifically, in addition to the customary costs, effort, and motions associated with prosecuting and defending a large collective action, this case will be document and labor-intensive for both Plaintiffs and Defendants with respect to Plaintiffs' alleged damages: Defendants' records of employee automatic sign-outs cannot be generated easily or quickly from stored computer data, and the records are voluminous and difficult to analyze, and many of Defendants' payroll records are in storage. An early ruling on liability, before an opt-in class is amassed and before discovery is sought, deservedly will end the case; will simplify it drastically by reducing contested issues; or will provide the parties incentive to resolve the dispute. Furthermore, a stay will protect Defendant Agora from the

inevitable and possibly unnecessary disruption of its work force caused by employees' receipt of a Notice suggesting that Defendants violated the law.

5. Plaintiffs will not be prejudiced by the Court's entry of a stay, because Defendants will consent to the tolling of the FLSA statute of limitations for the duration of the stay.

6. This Motion is supported by the following Memorandum of Law.

## II. MEMORANDUM OF LAW

The authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936); see also Clinton v. Jones, 520 U.S. 681, 706 (1997)(a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"). When determining whether a stay is appropriate in a particular case, the court must "assess and balance the nature and substantiality of the injustices claimed on either side." American Gen. Life Ins. Co. v. Jones, 2008 WL 4949847 *5 (S.D. Ala. 2008). In the context of discovery, for example, courts have acknowledged the cost to parties, and the cost to the courts when finite resources are spent addressing discovery disputes. Courts therefore have ordered stays of discovery in order to entertain dispositive motions, on the ground that the benefits of efficiency outweigh any harms of delay: neither plaintiffs nor defendants end up bearing unnecessary discovery costs in actions destined for dismissal as a matter of law, and the court system is served when cases are concluded sooner rather than later. See, e.g., Yerk v. People

for the Ethical Treatment of Animals, 2010 WL 1730754 *2 (M.D. Fla. 2010)(staying discovery pending ruling on motions to dismiss and for summary judgment).

This case concerns a particular compensation practice which Defendants assert does not violate the FLSA as a matter of law, and both the Court and the parties would benefit from a ruling on this issue before the case proceeds any further. As the Court is aware from Plaintiffs' Motion for Conditional Certification and Defendants' Response to that motion, Plaintiffs and the members of the conditional class work in a call center. Their job duties entail being available to take inbound customer calls, a responsibility that requires them to be logged into Defendants' computerized telecommunication systems. Regardless of whether calls arrive, Plaintiffs and members of the conditional class are compensated for time spent logged into the systems. They also are paid for time spent in work-related meetings or training sessions, and for authorized breaks, with all of these statuses being entered into the systems by the employees themselves. Plaintiffs and members of the conditional class are not paid, however, for time in which they are automatically signed out, which occurs at the conclusion of a process initiated when Plaintiffs and conditional class members select an option to remove themselves from the flow of incoming calls—thus making themselves unavailable to customers—and fail to return reasonably promptly to availability. Simply stated, Defendants contend that there is nothing unlawful about not paying employees for unauthorized breaks or for time during which they intentionally do not work.

Very substantial costs will be incurred if the case proceeds forward while this threshold legal question remains unresolved. If the strategy of Plaintiffs' counsel in state court litigation against Defendants is any indication, once the opt-in period has expired,

Plaintiffs will seek production of the opt-ins' Agent Activity and Agent Evaluation Reports (collectively, "Reports"), which reflect the time individual employees spent in automatic sign-out status.[1] The Reports are not existing documents, but rather may be created from archived digital data associated with Defendants' prior telecommunications switch, a device manufactured by Rockwell Automation. Restoring the Rockwell data from storage, running software to create the Reports, and printing out and copying the Reports are extremely time-consuming operations. As shown by the Affidavits of Mark Knoepp and Kathie Margaritondo[2] attached to this Motion as Exhibits A and B, respectively, it would take a qualified technician approximately twelve hours to restore data through July 2007, and would require an estimated 11.28 minutes per employee to generate printed Reports. For a hypothetical opt-in class of 1,500, these figures would equate to a total of 294 hours of work, or nearly thirty-seven eight-hour workdays at a cost of between $35 and $40 per hour for the technician, not including time spent organizing and duplicating the Reports for production to opposing counsel. See Aff. of Knoepp, ¶¶ 4-5, 8-9; Aff. of Margaritondo, ¶ 6. The resulting documents for such a hypothetically-sized class would exceed 500,000 pages, and more than $75,000.00 of copying costs at a rate of fifteen cents per page. Aff. of Knoepp, ¶ 10.

---

[1] Plaintiffs and Defendants each submitted sample Reports to the Court in connection with Plaintiffs' Motion for Conditional Certification.

[2] These Affidavits were filed in 2009 in support of a Motion for Protective Order in state court litigation involving Defendants and Plaintiff Vanessa Fantauzzi, and involved a potential class of 4,771 persons dating to December 2006. The state court granted Defendants' Motion in part, requiring production of Reports only for Plaintiff and five other persons. See State Court Order, attached hereto as Exhibit C. In this Motion, Defendants have adjusted the Affidavits' calculations and estimates to reflect a smaller hypothetical class, but of course the class in this case could be of equal or greater size: Defendants' preliminary count is that 6,387 persons are in the conditional class approved by the Court.

In addition, prior state court discovery tactics by Plaintiffs' counsel have included requests for Weekly Time Cards and Weekly Employee Data Sheets, which documents show hours worked and wages paid for Defendants' employees. Many of these records, which Plaintiffs ostensibly would use with the Reports to calculate alleged amounts of unpaid overtime, reside at an off-site storage facility, and would require substantial hours to retrieve, assemble, and copy. See Aff. of Margaritondo, ¶¶ 4, 6. Using an estimate of eight Weekly Time Cards and eight Weekly Employee Data Sheets per employee, and again employing a hypothetical class of 1,500, Defendants anticipate having to produce at least 24,000 payroll documents to Plaintiffs, at a minimum copy cost of $3,600.00. Id. at ¶ 5.

Defendants represent that they will consent to the tolling of the FLSA statute of limitations during the period of any stay entered by the Court, so that no conditional class member will lose the right to opt in and pursue a claim in the event the Court denies Defendants' planned dispositive motion. Plaintiffs, therefore, would not be prejudiced by the entry of a sixty-day stay allowing for the Court to rule on a question of law that stands to resolve the issue of FLSA liability. In fact, Plaintiffs substantially would benefit: they would not needlessly incur mailing and other expenses associated with amassing an opt-in class; they would avoid prepaying for Defendants' discovery costs; and they would be spared the task of having to pore over the Reports, Time Cards and Data Sheets—which are not in a format lending itself to computational ease—in an attempt to derive opt-in class members' alleged unpaid overtime. Defendants similarly would benefit by not having to expend their time and resources, and Defendant Agora would benefit by avoiding the obvious disruption that will occur once current members of its work force receive a mailed Notice from

Plaintiffs' counsel asserting that Defendants violated the FLSA. Both parties could avoid unnecessary litigation. Finally, the Court would benefit if it summarily disposes of a potentially lengthy and strongly-contested case on a legal issue that would conclude the action in any event. Even a denial or partial denial of a dispositive motion would have great value, because such an outcome would narrow disputed issues and/or influence the parties' incentives to continue the lawsuit. To prevent inefficiencies and do justice, then, Defendants respectfully request that the Court enter the desired stay.

### III.   CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendants, SPECIAL DATA PROCESSING CORPORATION and AGORA MARKETING SOLUTIONS, INC., respectfully request that the Court grant Defendants' Motion to Stay Issuance of the Opt-In Notice, granting Defendants such other and further relief as the Court finds just and proper.

Dated this 24th day of June, 2010.

        Respectfully submitted,

        **/s/ CHARLES J. THOMAS**
        GREGORY A. HEARING
        Florida Bar No. 0817790
        CHARLES J. THOMAS
        Florida Bar No. 0986860
        THOMPSON, SIZEMORE, GONZALEZ & HEARING, P.A.
        201 North Franklin Street, Suite 1600
        Tampa, Florida  33602
        (813) 273-0050
        fax:  (813) 273-0072
        e-mail: ghearing@tsghlaw.com
              cthomas@tsghlaw.com
        Attorneys for Defendants

## CERTIFICATE OF GOOD-FAITH CONFERRAL

I HEREBY CERTIFY that counsel for Plaintiffs has been consulted with respect to the relief sought by this Motion, and that counsel for Plaintiffs opposes such relief.

        **/s/ CHARLES J. THOMAS**
        Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of June, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Wolfgang M. Florin, Esq.
    Florin Roebig, P.A.
    777 Alderman Road
    Palm Harbor, Florida  34683
    Attorney for Plaintiff

        **/s/ CHARLES J. THOMAS**
        Attorney