UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


VANESSA FANTAUZZI and
NIKKI RITZ, individually and
on behalf of others similarly situated,

    Plaintiffs,

v.                                          CASE NO: 8:10-cv-513-T-26TGW

AGORA MARKETING SOLUTIONS, INC.
d/b/a National Magazine Exchange, and
SPECIAL DATA PROCESSING CORP.,

    Defendants.
_____/

## O R D E R

Pending before the Court is Defendants' Motion to Stay Issuance of the Opt-In Notice and supporting memorandum of law. After careful consideration of the merits of the motion, the Court concludes that the motion is due to be denied thus obviating the need for a response from Plaintiffs

Defendants contend that a stay is appropriate because it intends to file a case dispositive motion for summary judgment within sixty days with regard to the issue of liability. They argue that such a stay prior to the dissemination of the notice approved by the Court "will protect the parties from needless and costly further litigation, and will be more efficient from the standpoint of the Court." Plaintiffs obviously oppose a stay.

Defendants, as the moving parties, bear the burden of showing good cause and reasonableness for such a stay.  See McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citations omitted).  Additionally, as observed in one of the cases cited by Defendant, "[a] request to stay discovery pending resolution of a motion is *rarely* appropriate unless resolution of the motion will dispose of the *entire* case."  Yerk v. People for the Ethical Treatment of Animals, 2010 WL 1730754 at *1 (M.D. Fla 2010) (citation omitted) (emphasis added).  In resolving that issue, the Court must take a "preliminary peek" at the merits of a dispositive motion to determine whether it is clearly meritorious and truly case dispositive.  Id. (citations omitted).

In this case, the Court is unable to assess whether Defendants' anticipated motion will indeed have clear merit and will dispose of the entire case because Defendants fail to set out in their motion the basis for such a case-dispositive motion other than to offer the conclusory statement that "[s]imply stated, Defendants contend that there is nothing unlawful about not paying employees for unauthorized breaks or for time during which they intentionally do not work."  Furthermore, unlike Yerk, the Court is unable to conclude on the record before it whether Defendants' motion for summary judgment will present a pure question of law involving no need for discovery.  2010 WL 1730754 at *2.  Consequently, because Defendants have failed to meet their burden justifying the issuance of a stay, the Motion to Stay (Dkt. 52) is denied.  Plaintiffs shall proceed with notice to the opt-in class.

One final matter needs to be addressed. The parties filed case management report on April 21, 2010, in which they requested the Court to allow them to file an amended case management after the Court ruled on Plaintiffs' motion for conditional certification. That request is granted. The parties shall file an amended case management report on or before July 26, 2010.

**DONE AND ORDERED** at Tampa, Florida, on June 25, 2010.

      s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record